**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Blackhawk Network Incorporated, | No. CV-21-00813-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| SL Card Company Incorporated, et al., | |
| Defendants. | |

Before the Court is Plaintiff's Motion for Leave to File First Amended Complaint Under Seal (the "Motion") (Doc. 13). The Motion is fully briefed. (Docs. 34, 35.) For the following reasons, the Court will grant the Motion in part.

## I.

In the Motion, Plaintiff seeks leave to file its First Amended Complaint ("FAC") and Exhibit A thereto under seal. (Doc. 13 at 2.) Plaintiff's request is mainly premised on a confidentiality provision included in a Product Distribution Agreement ("PDA"), attached to the FAC as Exhibit A. (*Id.*) Plaintiff argues that good cause supports its request because revealing the information would expose Plaintiff "to potential liability for breach of contract." (*Id.*) Defendants oppose the Motion. (Doc. 34.) They contend that "[t]here is no compelling need to shield the contents of the PDA from public view, as the PDA pertains to a product that was discontinued and a relationship that ended over two years ago." (*Id.* at 2.) Thus, in Defendants' view, there is "no risk that [Plaintiff] will be sued for breach if the FAC and PDA are not sealed." (*Id.*) Having considered Defendants' response,

Plaintiff now contends that, subject to two exceptions, "sealing is no longer necessary." (Doc. 35 at 2.) Plaintiff continues to seek leave to file a customer list contained in an exhibit attached to the PDA and confidential pricing information provided in certain paragraphs of the FAC under seal. (*Id.*)

## II.

The public has a right to inspect and copy public judicial records and documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 567 (1978). Although that right is not absolute, there is a "strong presumption in favor of access to court records." *Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1096 (9th Cir. 2016), cert. denied sub nom. *FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016) (quoting *Foltz v. State Farm Mut. Aut. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). As the party seeking to seal a judicial record, Plaintiff bears the burden of overcoming that presumption by either showing "compelling reasons" if the record is a dispositive pleading or "good cause" if the record is a nondispositive pleading. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006); *see also Ctr. for Auto Safety*, 809 F.3d at 1096–97. Motions to seal a complaint must meet the compelling reasons standard, not the good cause standard as Plaintiff suggests. *See Ctr. for Auto Safety*, 809 F.3d at 1096–97 (explaining the "good cause" exception applies to "materials attached to a discovery motion unrelated to the merits"); *see also In re NVIDIA Corp. Derivative Litig.*, No. C06-06110, 2008 WL 1859067, at *3 (N.D. Cal. Apr. 23, 2008) ("Under the Ninth Circuit's jurisprudence in *Kamakana*, a request to seal all or part of a complaint must clearly meet the 'compelling reasons' standard and not the 'good cause' standard.").

## III.

Plaintiff seeks to leave to file a list of customers, attached to the PDA, under seal. Plaintiff considers the customer list to be a trade secret because Plaintiff does not share the list publicly. (Doc. 35 at 2.) Thus, Plaintiff contends that the release of the list would cause competitive harm. (*Id.*) The Court agrees with Plaintiff. "[C]ustomer lists may constitute trade secrets if competitors could not readily ascertain customer names from public or other

proper sources and if reasonable efforts are made to maintain the secrecy of the lists." *See B2B CFO Partners, LLC v. Kaufman*, No. CV09-2158, 2011 WL 6297930, at \*3 (D. Ariz. Dec. 16, 2011). Plaintiff's interest in keeping the customer list confidential outweighs the public's interest in accessing a miniscule part of the record. Thus, the Court finds that Plaintiff has demonstrated compelling reasons for sealing the customer list.

Plaintiff also seeks leave to file two paragraphs of the FAC under seal because they contain "proprietary and confidential" information concerning how Plaintiff "prices its services to its customers." (Doc. 35 at 3.) Plaintiff asserts that the release of this information would cause competitive harm because the information "reveals details about how [Plaintiff] prices its products and margins and/or profits realized between wholesale and retail pricing." (*Id.*) If made public, Plaintiff argues that competitors could "directly target [Plaintiff's] partners and [] structure their pricing in a manner that could directly harm and undermine [Plaintiff's] sales approach." (*Id.*) The Court finds that public disclosure of this confidential pricing information would cause Plaintiff competitive harm such that Plaintiff has demonstrated compelling reasons for sealing the information. *See, e.g.*, *Baker v. SeaWorld Ent., Inc.*, No. 14CV2129, 2017 WL 5029612, at \*5 (S.D. Cal. Nov. 3, 2017) (finding compelling reasons to maintain under seal "pricing and marketing strategies" because disclosure "could lead to an improper use by competitors").

**IV.**

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion (Doc. 13) is **granted in part** and **denied in part**. The Motion is granted insofar as Plaintiff is permitted to file the customer list in Exhibit A to the FAC and paragraphs 6 and 69 of the FAC under seal. The Motion is denied in all other respects.

**IT IS FURTHER ORDERED** that by no later than **July 7, 2021**, Plaintiff shall file a copy of the FAC that redacts only (1) the customer list attached to Exhibit A of the FAC, and (2) paragraphs 6 and 69 of the FAC.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file the unredacted

version of Plaintiff's FAC (lodged at Doc. 14) and unredacted version of Plaintiff's Notice of Filing First Amended Complaint (lodged at Doc. 20) under seal.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file Defendant's Opposition to Plaintiff's Motion for Leave to File First Amended Complaint Under Seal (lodged at Doc. 33) on the public docket.

**IT IS FINALLY ORDERED reaffirming** Defendants' deadline to respond to the FAC. Defendants shall answer or otherwise respond to the FAC by no later than **July 9, 2021**.

Dated this 1st day of July, 2021.

_Michael T. Liburdi_
Michael T. Liburdi
United States District Judge