**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Blackhawk Network Incorporated,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>SL Card Company Incorporated, et al.,<br><br>　　　　　Defendants. | No. CV-21-00813-PHX-MTL<br><br>**ORDER** |

Four motions are pending before the Court: (1) Plaintiff's Motion to Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) (Doc. 81); (2) Plaintiff's Motion for Leave to File Its Motion to Disqualify Quinn Emmanuel Under Seal (Doc. 84); (3) Plaintiff's lodged Motion to Disqualify Quinn Emmanuel (Doc. 85); and (4) Defendants' Motion to Strike Plaintiff Blackhawk's Motion to Disqualify for Failure to Serve (Doc. 87). As explained below, the Court will grant Plaintiff's motion to amend and deny the remaining motions.

**I.**

Blackhawk instigated the instant action on May 6, 2021, alleging claims for correction of inventorship under the Federal Patent Act, 35 U.S.C. § 256, and breach of contract under Arizona law. (*See* Docs. 1, 12, 42, 46.) Defendants filed motions to dismiss Blackhawk's claims for, among other things, lack of subject matter jurisdiction. (*See* Docs. 58, 59.) The Court granted Defendants' motion on March 9, 2022, and dismissed Blackhawk's claims for lack of subject matter jurisdiction without leave to

amend. (*See* Doc. 78.) The Court entered judgment against Blackhawk that same day and closed the case. (Doc. 79.)

Blackhawk now petitions the Court to amend the judgment to clarify that its dismissal was without prejudice. (Doc. 81.) While its motion was pending, Blackhawk also lodged on the Court's docket a motion to disqualify Quinn Emmanuel from representing Defendants (Doc. 85), subject to the Court's resolution of Blackhawk's motion to seal (Doc. 84). Defendants then moved to strike Blackhawk's motion to disqualify for failure to serve. (Doc. 87.)

**II.**

The Court's dismissal was without prejudice. The Court granted Defendants' motions to dismiss because Blackhawk lacked standing to assert correction of inventorship claims under 35 U.S.C. § 256 (Doc. 78 at 10–15), and because its state law breach of contract claims did not "arise under" the federal patent laws for purposes of 28 U.S.C. § 1338, (Doc. 78 at 15–20). The Court declined to give Blackhawk leave to amend because Blackhawk had already twice amended its complaint and because it was unlikely Blackhawk would be able to cure its standing deficiency. Nevertheless, dismissals for lack of subject matter jurisdiction, including for want of standing, are ordinarily without prejudice. *See* Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise . . . any dismissal . . . except one for lack of jurisdiction . . . operates as an adjudication on the merits."); *H.R. Techs., Inc. v. Astrotechnologies, Inc.*, 275 F.3d 1378, 1384 (Fed. Cir. 2002) ("Because lack of standing is not an issue that goes to the merits of the underlying patent issues, a dismissal of a complaint for lack of standing would not normally be expected to be made with prejudice."); *Fieldturf, Inc. v. Sw. Recreational Industries, Inc.*, 357 F.3d 1266, 1269 (Fed. Cir. 2004) ("Ordinarily, dismissal for lack of standing is without prejudice."); *Siler v. Dillingham Ship Repair*, 288 F. App'x 400, 401 (9th Cir. 2008) ("[W]e vacate the district court's judgment to the extent it dismissed the complaint with prejudice, and remand for entry of judgment dismissing the complaint without prejudice because dismissal for lack of subject[-]matter jurisdiction is not an adjudication

on the merits."); *see also* 18A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 4436 (3d ed. 2022) ("[A dismissal for want of justiciability] should preclude relitigation of the very issue of justiciability actually determined, but does not preclude a second action on the same claim if the justiciability problem can be overcome."); *Sensory Neurostimulation, Inc. v. Azar*, 977 F.3d 969, 977 (9th Cir. 2020) (affirming dismissal "without prejudice, and without leave to amend" for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)).

While a district court may, in some instances, enter a dismissal for want of standing with prejudice, *see, e.g.*, *Fieldturf*, 357 F.3d at 1269 ("On occasion . . . a dismissal with prejudice is appropriate, especially where it is plainly unlikely that the plaintiff will be able to cure the standing problem."); *Sicom Sys., Ltd. v. Agilent Techs., Inc.*, 427 F.3d 971, 980 (Fed. Cir. 2005) (affirming dismissal with prejudice where plaintiff "already had a chance to cure the defect and failed"); *Ashurst Land & Cattle, LLC v. Rancho Mountain Properties, Inc.*, 609 F. App'x 500, 501 (9th Cir. 2015) (holding the "district court did not abuse its discretion by dismissing Plaintiffs' claims with prejudice" because "Plaintiffs were already afforded an opportunity to amend their complaint"), the Court declines to do so in this case. Accordingly, the Court will grant Blackhawk's motion to amend the judgment to clarify that its dismissal was without prejudice.

### III.

The Court will not address the parties' other pending motions. As described above, the Court has already held that it lacks subject matter jurisdiction over the parties' underlying controversy. Thus, by extension, the Court lacks jurisdiction to address the parties' collateral motions. *See Willy v. Coastal Corp.*, 503 U.S. 131, 137–39 (1992) ("A final determination of lack of subject-matter jurisdiction of a case in a federal court, of course, precludes further adjudication of it."). While a federal court may consider certain collateral issues after an action is no longer pending, *see Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 395 (1990), the scope of a court's authority to do so is rather limited. Such authority has generally been found to extend only to such matters as

motions for costs or attorneys' fees, motions for sanctions under Rule 11, and contempt adjudications. *See id.* at 395–96. The parties' remaining motions do not fall into any of these established categories. The Court will therefore deny the motions, without prejudice.

### IV.

Accordingly,

**IT IS ORDERED granting** Plaintiff's Motion to Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) (Doc. 81). The Court's Order (Doc. 78) is hereby amended at page 20, lines 23–24, to reflect that Defendants' motions to dismiss for lack of subject matter jurisdiction (Docs. 58, 59) are granted without leave to amend and without prejudice.

**IT IS FURTHER ORDERED** directing the Clerk of Court enter an amended judgment of dismissal, amending the Judgment of Dismissal (Doc. 79), at page 1, lines 17–19, to reflect that Defendants' motions to dismiss for lack of subject matter jurisdiction are granted without leave to amend and without prejudice.

**IT IS FINALLY ORDERED denying** Plaintiff's Motion to Seal (Doc. 84) and lodged Motion to Disqualify (Doc. 85), and Defendants' Motion to Strike (Doc. 87), without prejudice.

Dated this 18th day of April, 2022.

Michael T. Liburdi
United States District Judge